UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* Eric Fields, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:14 CV 1321 RWS ) |
| THE BI-STATE DEVELOPMENT AGENCY OF THE MISSOURI-ILLINOIS METROPOLITAN DISTRICT, et al., | ) ) ) ) ) ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

Defendant Bi-State Development Agency of the Missouri-Illinois Metropolitan District moves for summary judgment in this False Claims Act suit, arguing it is an "arm of the state" entitled to immunity under the Eleventh Amendment. I previously denied Bi-State summary judgment on its argument that it is not a suable "person" for purposes of FCA *qui tam* liability, concluding Bi-State should be characterized as a local governmental entity rather than an arm of the state for FCA purposes. See Doc. 91. For those same reasons, and as detailed below, I conclude that Bi-State is not an arm of the state for Eleventh Amendment immunity purposes and will again deny its motion for summary judgment.

**BACKGROUND**

My prior Memorandum and Order laid out the relevant background in detail, and I will adopt that background here. See Doc. 91. In its first summary judgment motion, Bi-State argued it is not a suable "person" for purposes of FCA *qui tam* liability. Under the FCA, states and state agencies are not "persons" subject to liability, but local governments are. See Cook Cnty., Ill. v. U.S. ex rel. Chandler, 538 U.S. 119, 122 (2003); Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens, 529 U.S. 765, 787–88 (2000). To determine whether Bi-State is a state agency or a local governmental entity for FCA purposes, I applied the arm-of-the-state analysis courts use to determine whether an entity is entitled to Eleventh Amendment immunity. See U.S. ex rel. Lesinski v. S. Florida Water Mgmt. Dist., 739 F.3d 598, 602 (11th Cir. 2014) (joining other circuits in "concluding that courts should employ the Eleventh Amendment arm of the state analysis to determine whether a state entity is a 'person' subject to FCA liability").

After noting the presumption that an interstate compact like Bi-State is *not* an arm of the state, see Hess v. Port Authority Trans-Hudson Corp., 513 U.S. 30, 43–44 (1994), I analyzed the six factors laid out by the Eighth Circuit in Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp., 948 F.2d 1084 (8th Cir. 1991), to determine whether an entity should be treated as an arm of the state or a

local governmental entity for Eleventh Amendment immunity purposes. In <u>Barket</u>, the Eighth Circuit concluded Bi-State was more like a local governmental entity than an arm of the state. <u>See</u> <u>id.</u> at 1088. As the analysis is specific to the facts of each case, <u>see</u> <u>id.</u> at 1086, I evaluated the factors in the context of this case. I concluded Bi-State should be characterized as a local governmental entity rather than an arm of the state here, meaning it is a suable "person" for FCA purposes. <u>See</u> Doc. 91, at 27. As a result, I denied Bi-State's motion for summary judgment.

Bi-State appealed that denial to the United States Court of Appeals for the Eighth Circuit, arguing that it is not a "person" for purposes of the FCA and that its status as an arm of the state entitles it to sovereign immunity under the Eleventh Amendment. The Eighth Circuit dismissed Bi-State's interlocutory appeal for lack of jurisdiction because Bi-State only argued in its prior summary judgment motion that it is not a "person" and did not raise the immunity question. <u>See</u> Doc. 113, at 3–4. In its opinion, the court acknowledged that Bi-State's argument that it is not a "person" "involved the same 'arm of the state' analysis that courts use to determine Eleventh Amendment immunity," but stated that the question of "whether an entity falls under the scope of the FCA is an issue distinct from whether the Eleventh Amendment provides the entity with immunity from suit." <u>See</u> <u>id.</u> at 3. The Eighth Circuit noted that Bi-State itself highlighted an important difference

3

between the two inquiries, which is that the FCA places the burden on the plaintiff to demonstrate the defendant falls within the statute's scope, while a defendant asserting Eleventh Amendment immunity generally bears the burden of showing it is entitled to immunity. Id. at 4.

Faced now with this shift in burden, Bi-State again moves for summary judgment, renewing its argument that it is an arm of the state, but additionally argues that it should prevail because it is entitled to sovereign immunity.

## LEGAL STANDARD

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Med. Ctr., 160 F.3d 484, 486 (8th Cir. 1998) (citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotext Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on

his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324.

## ANALYSIS

"To decide whether the Eleventh Amendment protects a bistate agency, we examine the 'nature of the entity created by state law.'" Barket, 948 F.2d at 1086 (quoting Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)). "The Eleventh Amendment protects a bistate agency if the agency is an arm of the compacting states, but not if the agency is comparable to a local governmental entity like a county or municipality." Id. "We cannot extend the Eleventh Amendment's protection to a bistate agency unless we have good reason to believe that the [compacting] [s]tates structured the new agency to enable it to enjoy the special constitutional protection of the [s]tates themselves." Id. (quotation marks omitted).

In my prior Memorandum and Order, I analyzed whether Bi-State is a "person" for FCA purposes by using the six criteria the Eighth Circuit laid out in Barket to determine whether a bistate agency is more like an arm of the compacting states (and protected by the Eleventh Amendment) or more like a local governmental entity (and not entitled to Eleventh Amendment protection). I concluded as follows: (1) the compacting states' characterization of Bi-State

5

weighs slightly in favor of treating Bi-State as a local governmental entity; (2) Bi-State's funding scheme weighs in favor of finding it is a local governmental entity; (3) the compacting states' lack of financial responsibility for Bi-State's liabilities and obligations weighs in favor of finding it is a local governmental entity; (4) provisions for appointment of Bi-State's commissioners weigh slightly in favor of finding Bi-State is an arm of the state; (5) Bi-State's functions weigh in favor of finding it is a local governmental entity; and (6) the compacting states' veto power over Bi-State's actions weighs in favor of finding Bi-State is an arm of the state.

I concluded that, on the balance of these factors, Bi-State should be characterized as a local governmental entity rather than an arm of the state for the purpose of determining whether it is a "person" subject to FCA liability. I used the Eleventh Amendment immunity analysis to reach that conclusion, and Bi-State's new motion for summary judgment on immunity grounds is almost identical in substance to its previous motion.[1] As a result, to the extent that Bi-State repeats its arguments from its prior motion, given that the test is the same, I need not conduct

---

[1] Bi-State attempts to repackage its argument, suggesting that post-<u>Barket</u> Eighth Circuit cases have used different arm-of-the-state tests, focusing instead on only two or three factors. But a review of those cases makes clear that the Eighth Circuit continues to evaluate the factors laid out in <u>Barket</u> to determine whether an entity should be treated as an arm of the state or a local governmental entity for Eleventh Amendment immunity purposes. The fact that the court may have framed these criteria in a slightly different fashion in different cases does not compel me to conduct the same analysis again.

the analysis again and will adopt the reasoning and findings from my prior Memorandum and Order. See Doc. 91.

Bi-State's only new argument falls under the third Barket factor, whether the compacting states are financially responsible for Bi-State's liabilities and obligations.[2] Bi-State previously acknowledged that Missouri and Illinois are not liable for judgments against it, and Bi-State again repeats that it is self-insured and that the compact does not require the states to pay judgments against it or provide that Bi-State's debts are the debts of the states. But Bi-State asserts that as an interstate compact entity, it is an "agency of the state" for purposes of Missouri's State Legal Expense Fund (SLEF), see Mo. Rev. Stat. § 105.711, which "strongly suggests that the State of Missouri bears responsibility for certain types of debts." Doc. 116, at 8.

The Missouri general assembly appropriates funds to the SLEF. Mo. Rev. Stat. § 105.711. SLEF funds "shall be available" to pay claims or amounts required by any final court judgment against, among others, "[t]he State of Missouri, or any agency of the state, pursuant to section 536.050 or 536.087 or section 537.600." Id. § 105.711.2(1). Bi-State asserts it is an "agency of the state"

---

[2] To the extent that Bi-State tries to present other new arguments for the first time in its reply brief, I will not consider those arguments. See Powell v. St. Francois Cnty., 2016 WL 695674, at *1 (E.D. Mo. Feb. 19, 2016) ("[A] court generally will not consider an issue raised for the first time in a reply brief.").

7

for SLEF purposes because the term "public entity" under section 537.600, Missouri's sovereign immunity statute, includes "any multistate compact agency created by a compact formed between this state and any other state which has been approved by the Congress of the United States." Id. § 537.600.3. "[T]he statutes creating the SLEF do not define 'agency of the state.'" Pub. Sch. Retirement Sys. of Mo. v. State Street Bank & Trust Co., 640 F.3d 821, 832 (8th Cir. 2011). Bi-State provides no authority showing Missouri has treated or likely would treat it as an agency of the state for SLEF purposes and provides no argument in support of such a conclusion beyond pointing to the definition of "public entity" in Missouri's sovereign immunity statute. Rather, Bi-State just argues that "a judgment against Bi-State *might* impact the state treasury because a claim or judgment against Bi-State *might* be paid from the SLEF." Doc. 121, at 5 (emphasis added).

If I accept Bi-State's argument that Missouri considers or would consider it an agency of the state for SLEF purposes, that conclusion impacts the balancing on this factor, as it weighs in favor of finding Bi-State should be treated like an arm of the state. See Pub. Sch. Retirement Sys., 640 F.3d at 832. But even if some claims or judgments against Bi-State might be paid from the SLEF, this is just one point to consider in analyzing the extent of Illinois's and Missouri's responsibilities to pay Bi-State's obligations. See id. at 831. Other facts weigh toward treating Bi-

8

State like a local governmental entity, including that the compact does not provide or suggest that Missouri and Illinois are responsible for judgments against Bi-State; Bi-State is self-insured; and Bi-State can issue bonds, which indicates it can cover its own debts. See id. As a result, and considering that Bi-State bears the burden of proving it is entitled to immunity, even assuming this point weighs in Bi-State's favor, when considered in balance with all of the factors, the limited information Bi-State provided on this point does not change my conclusion that Bi-State should be considered a local governmental entity and not an arm of the state in this case. As a result, I conclude Bi-State is not entitled to Eleventh Amendment immunity and will deny Bi-State's motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Bi-State's Motion for Summary Judgment #[115] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Bi-State's Motion to Stay Proceedings #[118] is **DENIED** as moot. An amended Rule 16 scheduling conference will be set in a separate order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of September, 2016.