UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* Eric Fields, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:14 CV 1321 RWS ) |
| THE BI-STATE DEVELOPMENT AGENCY OF THE MISSOURI-ILLINOIS METROPOLITAN DISTRICT, et al., | ) ) ) ) ) |
| Defendants. | ) ) |

# **MEMORANDUM AND ORDER**

Defendant Eager Road Associates, LLC ("Eager Road") moves for summary judgment in this False Claims Act Case. Eager Road argues that Relator Eric Fields has no evidence to show that it presented or caused to be presented a false claim to the federal government, within the meaning of 31 U.S.C. § 3729(a)(1). Because Fields has provided no evidence that Eager Road presented or caused to be presented a false claim to the federal government, I will grant Eager Road's motion for summary judgment.

## BACKGROUND

Relator Eric Fields is a former employee of Defendant Bi-State Development Agency (Bi-State) who filed this suit on July 28, 2014. In his first

amended complaint, [No. 27], Fields claims that Defendants Bi-State and Eager Road violated the False Claims Act, 31 U.S.C. § 3729, *et seq.*, by falsely certifying compliance with federal law in order to receive federal public transit funds. Defendants allegedly certified that Bi-State was in compliance with the Hatch Act and the Uniform Relocation Act when Bi-State sought federal funds between 2009 and 2011. According to Fields, Bi-State was in violation of both laws, because it (1) required its employees to support St. Louis County Executive Charlie Dooley's election campaign and a local sales tax proposition, (2) instituted a "pay to play" scheme with political donors like Eager Road managing member Don Musick, III, and (3) failed to appraise a parking garage (the Meridien) before purchasing it from Eager Road at an inflated price. Fields seeks treble damages for the amount of money that Bi-State acquired from the federal government because of its false certifications.

This case was stayed twice while Bi-State appealed my rulings in the United States Court of Appeals for the Eighth Circuit. In September 2015, [No. 91], and September 2016, [No. 123], I denied Bi-State's successive motions for summary judgment. The Eighth Circuit affirmed my September 2016 ruling, <u>United States ex rel. Fields v. Bi-State Dev. Agency of Missouri-Illinois Metro. Dist.</u>, 872 F.3d 872, 883 (8th Cir. 2017), and the United States Supreme Court denied Bi-State's

petition for a writ of *certiorari*. 138 S. Ct. 677 (2018).

I also denied Eager Road's motion to dismiss in September 2015, except to the extent that Fields asserted claims against Eager Road for a Hatch Act violation or for a False Claims Act violation under a conspiracy liability theory. [No. 91]. I lifted the stay in this case in August, 2017, after the Eighth Circuit ruled on Bi-State's second appeal. Within a month, Eager Road moved for summary judgment. I allowed Relator Fields to depose Musick and Bi-State's appraiser Richard C. Shepard before filing his response to Eager Road's motion for summary judgment. [No. 178]. The motion is now fully briefed.

## LEGAL STANDARD

I can only grant summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates (1) that there is no genuine issue as to any material fact and (2) that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Med. Ctr., 160 F.3d 484, 486 (8th Cir. 1998) (citing Fed. R. Civ. P. 56(c)). In this evaluation, I view all facts and factual inferences in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The party seeking summary judgment bears the burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings, but by affidavit or other evidence, must set forth specific facts showing that a genuine issue of material fact exists. Celotext Corp. v. Catrett, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c)(1), (e).

**ANALYSIS**

Eager Road argues that it is entitled to judgment as a matter of law because Fields has no evidence to prove that Eager Road participated in Bi-State's certifications to the federal government. To establish a prima facie case under 31 U.S.C. § 3729(a)(l)(A) a party must demonstrate (1) that the defendant presented or "caused to be presented" a claim against the United States (causation); (2) that the claim was false or fraudulent; and (3) that the defendant knew the claim was false or fraudulent (knowledge). Olson v. Fairview Health Servs. of Minnesota, 831 F.3d 1063, 1070 (8th Cir. 2016). Eager Road argues that Fields does not have evidence sufficient to satisfy the causation requirement.

The Eighth Circuit has not articulated a bright line for determining when the causation aspect of False Claims liability is met. Instead, federal courts have required False Claim Act relators to show that the defendant took an "affirmative act," U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah, 472 F.3d 702,

4

714 (10th Cir. 2006), with "some degree of participation in the claims process," United States v. President & Fellows of Harvard Coll., 323 F. Supp. 2d 151, 186–87 (D. Mass. 2004). "Numerous courts have held that some level of direct involvement in causing the submission of false claims to the government is necessary for direct liability under the FCA." United States v. Exec. Health Res., Inc., 196 F. Supp. 3d 477, 513 (E.D. Pa. 2016).

Fields' theory of causation is attenuated. He argues that Eager Road's managing member Don Musick, III, exercised political control over St. Louis County Executive, Charlie Dooley, through his donations. Dooley, in turn, allegedly exercised control over Bi-State's dealings with Eager Road. Fields argues that, by this chain of influence, Eager Road forced Bi-State to enter into a sole source agreement to construct the Meridien Garage, of which Bi-State would own two thirds and Eager Road would own one third. Eager Road also allegedly induced the St. Louis County Collector of Revenue to cancel the tax sale of the Meridien Garage, when Eager Road was delinquent on three years' tax payments. Eager Road then allegedly induced Bi-State to purchase the remaining one third of the Meridien Garage at an inflated purchase price, for the primary purpose of helping Eager Road settle its debts with lender Compass Bank.

Fields offers some evidence to demonstrate that Eager Road influenced Bi-

State's actions. Specifically, Fields offers the declaration of former Bi-State CEO Larry Salci, who states that Charlie Dooley pressured him into approving the sole source agreement. (ECF No. 192 at 7-8). Salci states that he had previously rejected such an arrangement because it violated Bi-State policies. (Id. at 8). Fields also states that Bi-State conducted appraisals of the Meridien Garage on two separate occasions before the 2010 purchase of Eager Road's one-third interest. (ECF No. 193 at 9). The 2009 appraisal allegedly produced values well below the eventual sale price of the Garage. (Id. at 3-4). No appraisal, however, was conducted in 2010 in conjunction with the actual sale of the one-third interest. This evidence may support Fields' claim that Bi-State violated portions of the Hatch Act and Uniform Relocation Act.

Fields does not present any evidence, however, that Eager Road participated in Bi-State's certification process in any way. False Claims Act liability does not arise merely from underlying violations of other laws. Instead, a defendant must have "presented or caused to be presented" the claim itself. 31 U.S.C. § 3729(a)(l)(A). Fields argues that an ongoing business relationship with a false claimant and a failure to cease doing business can satisfy the elements of § 3729(a)(l)(A). (ECF No. 190 at 5) (citing United States v. President and Fellows of Harvard College, 323 F. Supp. 2d 151, 187). But he misinterprets the case law

6

on this point. In Harvard College, a professor who violated the conditions of a repeatedly renewed federal grant, but did not approve invoices or expense reports, did not "cause to be presented" fraudulent claims. Id. at 188-89. Fields cites this case in support of his argument that inaction can satisfy the causation element of False Claims Act liability. This inference is incorrect. To establish causation, Fields must present some evidence that Eager Road took some action and had some degree of participation in the claims submission process. See, e.g., United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah, 472 F.3d 702, 714; United States v. Exec. Health Res., Inc., 196 F. Supp. 3d 477, 513. Fields does not provide any evidence to this effect. As a result, I must dismiss his False Claims Act claims against Eager Road.

Accordingly,

**IT IS HEREBY ORDERED** that Eager Road's motion for summary judgment, [137], is **GRANTED.** All claims against Eager Road are **DISMISSED** with prejudice.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of June, 2018.